# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| ISAAC JONES, | ) |
| --- | --- |
| | ) |
| Petitioner, | ) |
| v. | ) No. 1:13-cv-158-TWP-DKL |
| | ) |
| CRAIG HANKS, | ) |
| | ) |
| Respondent. | ) |

## Entry Discussing Petition for Writ of Habeas Corpus and Denying Certificate of Appealability

For the reasons explained in this Entry, the petition of Isaac Jones for a writ of habeas corpus must be denied and the action dismissed with prejudice. In addition, the court finds that a certificate of appealability should not issue.

## I. The Petition for Writ of Habeas Corpus

"We live in a world of deadlines." *Spears v. City of Indianapolis,* 74 F.3d 153, 157 (7th Cir. 1996). In an attempt to Acurb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law,@ Congress, as part of the Anti-terrorism and Effective Death Penalty Act of 1996, revised several of the statutes governing federal habeas relief. *Williams v. Taylor*, 529 U.S. 362, 404 (2000). Subject to exceptions not applicable here, one such provision provides that "a state prisoner has one year to file a federal petition for habeas corpus relief, starting from 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'" *Wood v. Milyard*, 132 S. Ct. 1826, 1831 (2012)(quoting 28 U.S.C. § 2244(d)(1)(A)). "The one-year clock is stopped, however, during the time the petitioner's 'properly filed' application for state

postconviction relief 'is pending.'" *Day v. McDonough,* 547 U.S. 198, 201 (2006) (quoting 28 U.S.C. § 2244(d)(2)).

Even applying the prison mailbox rule, *see Jones v. Bertrand*, 171 F.3d 499 (7th Cir. 1999), Isaac Jones filed his petition for writ of habeas corpus more than one year past the date of his state conviction becoming final and thus after the 1-year statute of limitations prescribed by 28 U.S.C. § 2244(d)(1)(A)) had expired. (Other provisions of § 2244(d)(1) are inapplicable here.) Jones concedes this, but argues that the delay he encountered in obtaining state court transcripts should be excluded from the computation of the period of limitations. This argument was been rejected in *Lloyd v. Van Natta,* 296 F.3d 630, 634 (7th Cir. 2002). Jones' reliance on it is therefore insufficient to modify the straightforward computation of when the statute of limitations expired and permit this court to reach the merits of his habeas claims. Jones' petition for writ of habeas corpus is denied.

Judgment consistent with this Entry shall now issue.

## II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing ' 2254 Proceedings, and 28 U.S.C. ' 2253(c), the court finds that Jones has failed to show that reasonable jurists would find it Adebatable whether [this court] was correct in its procedural ruling.@ *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

IT IS SO ORDERED.

Date: 05/14/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Isaac Jones
No. 190857
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

kelly.miklos@atg.in.gov